UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| LAMONT WALKER, ) | |
| ) | |
| Petitioner, ) | Civil No. 7: 22-105-WOB |
| ) | |
| V. ) | |
| ) | |
| D. ROSE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court *sua sponte*. Petitioner Lamont D. Walker previously filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241 challenging his criminal conviction. [R. 1] The Court conducted the initial screening of Walker's § 2241 petition required by 28 U.S.C. § 2243 and directed that Walker's § 2241 petition be served on the Respondent for a response. [R. 8]

In response, Respondent moved to stay this matter pending the United States Supreme Court's decision in *Jones v. Hendrix*, No. 21-857, which was anticipated to address whether a federal prisoner may challenge their conviction or sentence in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, such as the § 2241 petition filed by Walker. [R. 13] The Court granted this motion and stayed this matter on May 4, 2023. [R. 17] The Supreme Court has now issued its Opinion in *Jones*, *see Jones v. Hendrix*, No. 21-857, 599 U.S. ---, --- S.Ct. ---, 2023 WL 4110233 (U.S. June 22, 2023), thus the Court will lift the stay of this matter. However, as the Supreme Court in *Jones* has now made clear that Walker may *not* challenge his conviction in a § 2241 petition based upon an intervening change of statutory interpretation, his petition will be dismissed for lack of subject-matter jurisdiction.

-1-

By way of background, in November 2018, pursuant to a plea agreement with the United States, Walker pled guilty in the United States District Court for the Eastern District of Wisconsin to one count of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count 1) and one count of carrying a firearm in relation to a crime of violence (the attempted Hobbs Act robbery charged in Count 1) in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). In February 2019, Walker was sentenced to a term of imprisonment of 36 months on Count 1, to run concurrently with a state term of imprisonment, and 84 months on Count 2, to run consecutively to the term imposed on Count 1, for a total term of imprisonment of 120 months. Walker did not appeal. *See United States v. Walker*, 2:18-cr-179-LA-1 (E.D. Wisc. 2018).

In June 2021, Walker filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that Hobbs Act robbery was no longer a crime of violence under *Bridges v. United States*, 991 F.3d 793, 797 (7th Cir. 2021), which was denied by the District Court. *Id*. In July 2022, Walker filed an application with the United States Court of Appeals for the Seventh Circuit seeking leave to file a second or successive § 2255 motion in light of the United States Supreme Court's decision in *United States v. Taylor*, 142 S.Ct. 2015 (2022), which "confirms his prior view that attempted Hobbs Act robbery does not satisfy the elements clause [of § 924(c)] because it need not involve the actual, attempted, or threatened use of force." *Walker v. United States*, No. 22-2233 (7th Cir. Aug. 11, 2022 Order) at p. 2. The Seventh Circuit denied his application. *Id*.

Walker then filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. §§ 2241, in which he challenges his §942(c) conviction, which was predicated on his conviction of attempted Hobbs Act robbery, in light of *Taylor*. [R. 1] Because Walker has already filed a motion under § 2255 in the sentencing court, he may not "file a second or successive § 2255 motion

based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Jones*, 599 U.S. ---, 2023 WL 4110233, at *3–4 (explaining that "[s]ince the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2).").  Thus, he filed his § 2241 petition in this Court via the "saving clause" of 28 U.S.C. § 2255(e).

Prior to the Supreme Court's decision in *Jones*, several federal Circuit Courts of Appeal (including the Sixth Circuit) allowed a federal prisoner to challenge his conviction or the enhancement of his sentence in a § 2241 petition filed pursuant to the "saving clause" of 28 U.S.C. § 2255(e), which authorizes a habeas petition if it appears that remedy afforded by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *See* 28 U.S.C. § 2255(e). For example, in the Sixth Circuit, a petitioner could satisfy the saving clause (and, therefore, challenge his conviction in a § 2241 petition) by showing "'that he had no prior reasonable opportunity to bring [his] argument' in his earlier section 2255 proceedings…by identifying a Supreme Court decision that post-dates his original section 2255 proceedings, adopts a new interpretation of the statute of conviction, and supports his innocence claim." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)) (other citation omitted).

However, in *Jones*, the Supreme Court held that "the saving clause does not authorize such an end-run around the AEDPA." *Jones*, 599 U.S. ---, 2023 WL 4110233, at *7. Rather, the inability of a prisoner with a statutory claim to satisfy the two limited conditions specified by § 2255(h) "in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences…does not mean that he can bring his claim in a habeas petition

under the saving clause. It means that he cannot bring it at all." *Id*. at *9   Thus, just as a federal prisoner may not rely in a favorable change of statutory law to file a second or successive § 2255 motion, neither may he raise such a claim in a § 2241 petition on the grounds that the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of his detention. *Id*. at *7.

In light of *Jones*, a federal prisoner may no longer seek relief from his conviction or sentence based upon a favorable change in statutory interpretation in a § 2241 petition filed via the saving clause of § 2255(e), which is the exact claim that Walker seeks to pursue here. The saving clause is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding. *Taylor v. Owens*, 990 F.3d at 499-500. Because *Jones* makes clear that Walker is unable to clear this hurdle, his § 2241 petition must be dismissed for lack of subject-matter jurisdiction. *Id*.

Walker has also filed a motion requesting that the Court appoint counsel to represent him on the grounds that he is "unknowledgable of the law." [R. 20]   Section 2241 does not independently authorize the appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A, vests the district court with discretion to appoint counsel in habeas corpus proceedings where the interests of justice require it and the petitioner is "financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a)(2)(B). However, "[t]he decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). As one court has explained,

> Habeas corpus is an extraordinary remedy for unusual cases and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel.

*Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (cleaned up).

Walker previously demonstrated an ability to file a legible, organized petition that includes a competent description of the relevant facts and legal argument in support of his claims. [R. 1] The Court has considered the relevant factors and concludes that this case does not present the kind of extraordinary circumstances which would warrant the appointment of counsel for Walker. Thus, Walker's motion requesting the appointment of counsel will be denied.

Accordingly, it is hereby **ORDERED** as follows:

1. The stay previously imposed in this matter [R. 17] is **LIFTED**;

2. Walker's motion to appoint counsel [R. 20] is **DENIED**;

3. Walker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction;

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

5. A corresponding Judgment will be entered this date.

This the 28th day of June, 2023.



Signed By:
William O. Bertelsman
United States District Judge